IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT HERSHAL PERKIS,    )
       )
    Petitioner,    )
       )
       )    CIV-05-1143-M
v.    )
       )
MARTY SIRMONS, Warden,    )
       )
    Respondent.    )

REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  In his Petition, Petitioner asserts that he is

challenging the convictions for Robbery with a Dangerous Weapon, Kidnaping, and Burglary

in the First Degree entered in the District Court of Caddo County, Case No. CF-2002-292,

following his entry of pleas of *nolo contendere*.  Respondent has responded to the Petition

and filed the relevant state court records, including transcripts of the preliminary hearing,

plea, and sentencing proceedings.  The matter has been referred to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the

following reasons, it is recommended that the Petition be DENIED.

I. Background

Petitioner was charged in the District Court of Caddo County, along with two co-

defendants, with the offenses of Robbery with a Dangerous Weapon, Kidnaping, and

Burglary in the First Degree in  State of Oklahoma v. Robert Perkis, Mark Wilkerson, and

James McCullough, Case No. CF-02-292.  An extensive preliminary hearing was conducted

in this case on April 29, 2003, and the three co-defendants were bound over for trial.

(Transcript of Proceedings of Preliminary Hearing Had The 29th Day of April, 2003).  During

the preliminary hearing, a taped statement made by Petitioner to law enforcement officials

in November 2002 was entered into evidence.  Id.  The victim testified at this hearing that

on April 16, 2001, Petitioner and two individuals drove up to the victim's rural residence,

approached the victim, and asked to use the victim's shooting range.  When the victim

accompanied Petitioner and the two individuals to the shooting range approximately 200

yards from the victim's residence, Petitioner hit the victim in the face with a sharp object,

knocking him out, causing facial lacerations requiring multiple stitches and knocking out four

of the victim's front teeth.  When the victim awoke, Petitioner was taping his arms to his

body.  Then Petitioner and one of the individuals went to the victim's residence while the

third individual watched the victim as he lay on the ground and used a hammer in an

intimidating manner to keep the victim from moving.  The victim testified that Petitioner and

the second individual took personal property from the residence, including a generator, seven

or eight guns, a welder, and various tools.  Id.  The victim's wife testified that she was in the

residence when Petitioner and the two individuals arrived and went to the shooting range

with the victim, but that she drove into town and was not aware of what had happened to her

husband or the residence until she returned after the Petitioner and the two individuals had

left the property.  The victim's wife testified that the victim was 79 years old at the time of the hearing.

The cases of the three co-defendants were severed for the purpose of trial. (Transcript of Proceedings of Motion Hearing Had The 1st Day of August, 2003).   In pre-trial proceedings, Petitioner moved to quash the information and asserted that there was insufficient evidence to support the kidnaping and first-degree burglary charges, but the motions were overruled following a hearing. (Transcript of Proceedings of Motion Hearing Had The 1st Day of August, 2003).  On August 15, 2003, Petitioner entered *nolo contendere* pleas to the three charges.  Petitioner testified at this hearing that his pleas were being voluntarily entered without force, abuse, mistreatment, or promises in return for the pleas, and without any coercion or compulsion of any kind. (Transcript of Proceedings of Plea of Guilty).  During this hearing, a written statement by Petitioner was submitted to the court concerning the factual basis for the pleas, and the court also stated it would take judicial notice of the preliminary hearing transcript in connection with the factual basis for the pleas. The court accepted Petitioner's pleas, finding that they were knowingly and voluntarily entered and that a sufficient factual basis for the pleas existed.  No recommendations for sentencing were made by the prosecution at the plea proceeding.

A presentence report was completed and submitted to the court and to Petitioner prior to Petitioner's sentencing conducted on October 9, 2003.  (Transcript of the Sentencing Proceedings).  The elderly victim testified at the sentencing proceeding concerning the impact of the offenses, including his expenses and physical condition.  Petitioner stipulated

3

as to the amount of restitution ordered in the case of $3,436.47, with the restitution to be paid jointly and severally with Petitioner's co-defendants.  With respect to sentencing, Petitioner offered into evidence, and the court admitted, a transcript of his taped statement to law enforcement officials.  At the sentencing proceeding, Petitioner's attorney argued in mitigation of sentencing based on Petitioner's voluntary confession to law enforcement officials.  Petitioner was sentenced to consecutive sentences of 25 years of imprisonment for the robbery conviction, 10 years of imprisonment for the kidnaping conviction, and 25 years of imprisonment for the burglary conviction, and a $1,000.00 fine with respect to each conviction. Id.

Petitioner subsequently moved to withdraw his pleas.  At a hearing conducted on the motion in November 2003, the prosecutor recommended that the judgment and sentence be amended because the Petitioner was mistakenly sentenced to a term of imprisonment that exceeded the statutory range of punishment for the burglary offense.  Petitioner's defense counsel agreed that the judgment and sentence should be amended to state that Petitioner was sentenced to a 20-year term of imprisonment for the burglary offense.  The court recognized that Petitioner was advised at the time of the plea of the proper range of punishment for the burglary offense and ordered that the judgment and sentence be amended to reflect the sentence as to count three for Burglary in the First Degree of 20 years of imprisonment to run consecutively to the remaining sentences. (Transcript of Proceedings on Motion to Withdraw Plea of Guilty).

Petitioner asserted at the hearing that the sentences imposed upon him were excessive

4

given the mitigating circumstance of Petitioner's voluntary confession of guilt and his statement to law enforcement officials concerning the involvement of the other two individuals and also due to the disparity between Petitioner's sentences and those of his co-defendants.  Petitioner asked either that he be allowed to withdraw the pleas and have a jury determine appropriate punishment or that his sentences be ordered to run concurrently rather than consecutively.  The motion was denied.  Id.

On appeal, Petitioner asserted that his pleas to each of the three charges were not supported by a sufficient factual basis.  Petitioner further asserted that his sentences were excessive because the evidence did not support the charges, that the assessment of restitution under two state statutes constituted double punishment, and that his pleas were constitutionally invalid because the trial court failed to advise him of the statutory range of punishment for the charges and failed to advise him of the possibility of consecutive sentences or that under Oklahoma law Petitioner would have to serve 85% of the sentences for the robbery and burglary convictions prior to being considered for parole.  Petitioner also contended that his plea to Burglary in the First Degree was invalid because there was confusion as to the sentencing range and Petitioner was not given the opportunity to withdraw the plea when the original sentence was modified following the entry of his plea, that Petitioner was denied effective assistance of counsel with respect to the entry of his plea, and that if Petitioner is not allowed to withdraw his plea as to count three then a judgment and sentence *nunc pro tunc* should be entered to accurately reflect the sentence imposed by the district court. Response, Ex. A (Brief of Petitioner, Perkis v. State, No. C-2003-1247

5

(Okla. Crim. App.)).

The State of Oklahoma responded in opposition to the grounds for relief urged by Petitioner in his appeal. Response, Ex. B.  The Oklahoma Court of Criminal Appeals ("OCCA") issued a summary opinion in the appeal in which the appellate court found that because Petitioner only raised one ground in his application to withdraw the pleas, the issues raised in Petitioner's appeal were procedurally waived and would be reviewed only for plain error. Response, Ex. C (Perkis v. State, No. C-2003-1247 (Okla. Crim. App. Dec. 6, 2004). With respect to Petitioner's claim of insufficient factual basis to support his pleas, the OCCA concluded that the evidence before the district court presented a sufficient factual basis to support his plea for Robbery with a Dangerous Weapon (count one) and therefore the trial court did not err in accepting Petitioner's plea to this charge or in refusing to permit him to withdraw this plea.  The OCCA further found that there was not a sufficient factual basis for one of the essential elements of Kidnaping (count two) and therefore the trial court should not have accepted Petitioner's plea to this charge.  The OCCA reversed this conviction and remanded the case to the district court with instructions to dismiss the kidnaping conviction. With respect to the conviction in count three of Burglary in the First Degree, the OCCA found that the trial court erred in accepting Petitioner's plea to first-degree burglary because there was insufficient evidence of one of the elements of this offense, which requires the presence of a person in the home, but that there was a sufficient factual basis presented to the trial court to support a conviction for Burglary in the Second Degree.  Having found that "[t]he elements of second-degree burglary are amply supported by the factual record in this

case" and that "the record leaves no doubt that [Petitioner] would have voluntarily pled *nolo contendere* to second-degree burglary," the OCCA modified Petitioner's conviction for Burglary in the First Degree to a conviction for Burglary in the Second Degree and also modified his sentence for this conviction to a seven-year term of imprisonment, to run consecutively to the sentence for the robbery conviction, and a fine of $1,000.00. Id. at 10-13. The OCCA rejected Petitioner's claims that his remaining sentences were excessive, that the advice given him at the time of his pleas was inadequate, that he was not properly informed of the maximum sentence for first-degree burglary at the time of the plea, and that he was denied effective assistance of counsel.

Petitioner now seeks federal habeas relief. However, in his Petition Petitioner merely "adopts, realleges [sic] and incorporates by reference" all but one of the claims for relief urged in his appeal to the OCCA. By asserting claims directed toward the kidnaping and first-degree burglary convictions and sentences entered in the district court, Petitioner fails to even recognize that his appeal was partially successful as to these convictions.

By merely adopting the claims asserted in his state court appeal, Petitioner misinterprets the scope of the federal habeas remedy. A federal habeas petition is not simply another appeal from a state court conviction. Rather, the federal writ of habeas corpus reaches only convictions obtained in violation of the United States Constitution, laws, or treaties. *E.g.*, Mabry v. Johnson, 467 U.S. 504, 507 (1984); Pulley v. Harris, 465 U.S. 37, 41 (1984); Smith v. Phillips, 455 U.S. 209, 221 (1982); Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir. 1979), cert. denied, 444 U.S. 1047 (1980). In this regard, the Supreme Court has

stated that "[f]ederal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith, 455 U.S. at 221.

In ground one of the Petition, the Petitioner re-urges the same claim asserted in his state court appeal in Proposition I of an insufficient factual basis to support his pleas to each of the three charges.  Response, Ex. A.  However, Petitioner admits in his Reply to the Response that the OCCA granted him relief with respect to the vacated convictions for Kidnaping and Burglary in the First Degree.  Petitioner contends in his Reply that the evidence before the district court at his plea proceeding was sufficient to show the elements of assault and battery with a dangerous weapon and second degree burglary.  Accordingly, Petitioner's *pro se* Petition is generously construed to assert in ground one that there was not a sufficient factual basis to support his plea to the offense of Robbery with a Dangerous Weapon and that this conviction should be modified to a conviction for assault and battery with a dangerous weapon.

In ground two, Petitioner re-asserts the same claim of excessive sentences urged in his appeal to the OCCA in Proposition II. Response, Ex. A. However, because of the relief granted to Petitioner in his state court appeal, Petitioner's habeas claim with respect to the sentences imposed in the district court for the vacated kidnaping and first-degree burglary convictions is moot.  Accordingly, Petitioner's *pro se* claim in ground two of the Petition is generously construed to assert that the sentence imposed upon him for the conviction for Robbery with a Dangerous Weapon is excessive.  Petitioner's only argument in his state court appeal with respect to his sentence for this conviction was that, because the evidence

was insufficient to support a factual basis for the entry of his plea to the robbery charge, then the sentence for this conviction should be modified to correspond with the modification of the conviction to assault and battery with a dangerous weapon.

In ground three, Petitioner re-asserts the same claim presented in his appeal to the OCCA in Proposition IV, in which he alleged that his pleas were invalid because the trial court failed to advise him of the consequences of the pleas. Response, Ex. A. Again, because Petitioner obtained relief in his state court appeal with respect to the vacated kidnaping and first-degree burglary convictions, any claim with respect to these vacated convictions is moot. Petitioner's Petition is therefore generously construed to assert in ground three that his plea to the Robbery with a Dangerous Weapon charge was invalid because the trial court did not fully advise him of the consequences of the plea.

In ground four of the Petition, Petitioner asserts the identical claim raised in his state court appeal in Proposition V. Response, Ex. A. Petitioner asserts, as he did in his state court appeal, that he should be allowed to withdraw his plea with respect to the first-degree burglary conviction because there was confusion as to the sentencing range for this offense, the original sentence was vacated, and a different sentence was imposed without giving him the opportunity to withdraw the plea. As Respondent correctly points out in response to the Petition, Petitioner obtained relief with respect to the first-degree burglary conviction and this claim is therefore moot. In his Reply to the Response, Petitioner "stipulates to the respondents [sic] argument with regard to the sentencing range and punishment for the burglary charge" and concedes that the OCCA granted him relief with respect to the vacated

9

first-degree burglary conviction.  Accordingly, this claim is moot, and it will not be reviewed herein.

In ground five of the Petition, Petitioner asserts that he was denied effective assistance of counsel with respect to the entry of his pleas.  He adopts by reference the argument asserted in support of the same claim set forth in Proposition VI in his state court appeal. Response, Ex. A.  Again, the relief Petitioner obtained in his appeal to the OCCA moots his habeas claim of ineffective assistance of counsel related to the vacated convictions for kidnaping and first-degree burglary.

II. Standard of Review

Considering only the claims raised in the Petition that involve the Robbery with a Dangerous Weapon conviction, the OCCA reached the merits of and rejected these claims in Petitioner's state court appeal.  With respect to these adjudicated claims, habeas relief may be awarded only if the OCCA's adjudication of the same claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254 (d).  This standard, which was adopted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), directs the focus of judicial review to the state appellate court's decision and not its reasoning. Saiz v. Ortiz, 392 F.3d 1166, 1176 (10th Cir. 2004), cert. denied, __ U.S. __, 125 S.Ct. 2976 (2005).  Under this standard, federal courts reviewing habeas claims that have previously been resolved on the

merits in state courts must apply a "level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000)(quoting H.R.Conf.Rep.No. 104-518, p. 111 (1996)).  A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion opposite to that reached by the Supreme Court on a question of law or (2) decided an issue differently than the Supreme Court has on a set of materially indistinguishable facts. <u>Id.</u> at 405-406.  The "state court decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions." <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003)(*per curiam*). "[A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" <u>Id.</u> (quoting <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002)(*per curiam*)).   A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner."  <u>Brown v. Payton</u>, 544 U.S. 133, 125 S.Ct. 1432, 1439 (2005); <u>Williams</u>, 529 U.S. at 407. <u>See</u> <u>Price v. Vincent</u>, 538 U.S. 634, 640-641 (2003).   With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court case] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2002)(*per curiam*).  "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it."

11

Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted).  The AEDPA also mandates that factual findings made by a state trial or appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III. Factual Basis for Plea

Petitioner contends in ground one of the Petition that there was an insufficient factual basis presented at the plea hearing to support the trial court's acceptance of his *nolo contendere* plea to the charge of Robbery with a Dangerous Weapon.  Because Petitioner did not claim his factual innocence while entering his plea, there was no federal constitutional requirement for the district court to ascertain a factual basis for the plea.  See Berget v. Gibson, No. 98-6381, 1999 WL 586986 (10th Cir. Aug. 5, 1999)(unpublished op.), cert. denied, 529 U.S. 1042 (2000).  Nevertheless, a sufficient factual basis existed for the Petitioner's plea.  The OCCA rejected this claim and provided reasons for its conclusion. The offense alleged in count one of the information filed against Petitioner required proof of a wrongful taking and carrying away of personal property of another from the person or the immediate presence of the other by force or fear through the use of a dangerous weapon. Response, Ex. C, at 4; Okla. Stat. tit. 21, § 791, 801.  In his appeal to the OCCA, Petitioner asserted that "because the property stolen from [the victim's] home and shop was not taken from his 'person or immediate presence,' the crime of robbery with a dangerous weapon is not factually supported by the record in this case." Response, Ex. C, at 5.  The OCCA rejected this claim, finding that "[a]lthough [the victim] was not present in the same location

as the property that was actually taken, [Petitioner] and his co-defendants used force and fear,

caused by their violence against [the victim] and menacing him with a dangerous weapon

(the hammer), in order to accomplish the theft of his personal property." Response, Ex. C,

at 6.  The OCCA reviewed similar criminal cases in Oklahoma and found that the victim was

in essentially the same situation as the victims in four other cases decided by the OCCA and

therefore the trial court did not err in accepting Petitioner's plea to the charge of Robbery

with a Dangerous Weapon or in refusing to permit the withdrawal of his plea. Response, Ex.

C, at 6-7.  Petitioner has not overcome the presumption of correctness attached to the

OCCA's factual findings regarding the evidence before the district court at the time

Petitioner entered his plea.  In light of these factual findings, Petitioner's claim of insufficient

factual basis for the plea is without merit. The OCCA's conclusion that a sufficient factual

basis existed to support the conviction is not contrary to, or an unreasonable application of,

clearly-established Supreme Court jurisprudence, and Petitioner is not entitled to federal

habeas relief concerning this claim.

IV. <u>Excessive Sentence</u>

    Petitioner contends in his second ground for habeas relief that the sentence imposed

for the robbery conviction was excessive.  Petitioner relies entirely upon the argument he

presented in his appeal to the OCCA to support this claim.   In a federal habeas proceeding

challenging a state court sentencing decision, the state court's sentencing decision is

accorded "wide discretion" and "challenges to that decision are not generally constitutionally

cognizable, unless it is shown the sentence imposed is outside the statutory limits or

unauthorized by law." <u>Dennis v. Poppel</u>, 222 F.3d 1245, 1258 (10th Cir. 2000), <u>cert. denied</u>, 534 U.S. 887 (2001). In Petitioner's state court appeal, the OCCA rejected this claim. In its decision, the OCCA stated that Petitioner admitted his sentence for the robbery conviction was "within the permissible sentencing range," and the court rejected any claim that the sentence was excessive. Response, Ex. C, at 14. There is no merit to Petitioner's claim of an excessive sentence. Because the OCCA's decision with respect to this claim was not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court, Petitioner is not entitled to habeas relief.

## V. Advice of Consequences of Pleas

In ground three, Petitioner re-urges and adopts the claim asserted in his state court appeal that his pleas were invalid because he was not properly advised of the consequences of his pleas. In his appeal to the OCCA, Petitioner specifically asserted that he was not advised at the plea proceeding (1) of the correct maximum punishment for first-degree burglary, (2) that his three sentences could be ordered to run consecutively, and (3) that pursuant to state law he would be required to serve 85% of his sentences for the robbery and burglary convictions before being considered for parole. The OCCA rejected this claim, finding that Petitioner "was correctly advised, at the time of his plea, that the maximum sentence for first-degree burglary was twenty (20) years." Response, Ex. C, at 15. This factual finding is presumed correct, and Petitioner has not overcome the presumption with clear and convincing evidence that he was not so advised. With respect to the sentencing aspects of his pleas, the OCCA found that Petitioner did not actually claim he was unaware

14

of the sentencing issues "and the arguments of his counsel at the time of his sentencing strongly suggest that he was very much aware of these considerations." Response, Ex. C, at 15-16.  The OCCA found that "no plain error" was shown because Petitioner presented no authority requiring the specific advice Petitioner claimed should have been given to him.

The due process requirements for a valid plea include a knowing and voluntary plea entered with a "full understanding of what the plea connotes and of its consequence[s]." Boykin v. Alabama, 395 U.S. 238, 244 (1969).  "The defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002).  As the plea proceeding transcript shows, Petitioner voluntarily entered his pleas "blind," that is, leaving punishment to the judge's discretion without any agreement with the prosecution on sentencing.  The plea proceeding transcript shows Petitioner was advised of the statutory range of punishment for the offenses to which he was entering a plea, and the record shows Petitioner was ultimately sentenced within that range of punishment.  The OCCA's decision vacating Petitioner's conviction for kidnaping and modifying the first-degree burglary conviction radically reduced the length of the consecutive sentences imposed for the robbery conviction and the modified second-degree burglary conviction, and the district court's discretionary authority to enter consecutive sentences is clearly-established law in Oklahoma. Okla. Stat. tit. 22, § 976.  There is nothing in the record to show that Petitioner was misinformed concerning the consequences of his "blind" pleas.  The OCCA's rejection of this claim was not contrary to, or an unreasonable application of, clearly-established Supreme Court jurisprudence, and

15

Petitioner is therefore not entitled to habeas relief concerning this claim.

VI. Ineffective Assistance of Counsel

In his last ground for habeas relief, Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel with respect to his pleas. Again, Petitioner merely re-adopts by reference the argument presented in his state court appeal in support of this claim. In his state court appeal, Petitioner asserted that, even though his defense counsel objected at the preliminary hearing to the sufficiency of the evidence supporting the charges and filed a pre-trial motion to quash on the ground that the evidence supporting the charges was insufficient, counsel failed to re-urge this claim of insufficiency of the evidence at the plea proceeding or in the motion to withdraw the pleas.

"The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging his guilty plea on the ground that he was denied his Sixth Amendment right to effective assistance of counsel." Miller v. Champion, 161 F.3d 1249, 1253 (10th Cir. 1998). First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985). "To prove deficient performance, [Petitioner] must overcome the presumption that counsel's conduct was constitutionally effective.... For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). "Even if a defendant shows that particular errors of counsel were unreasonable, ....the defendant must show that they had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). "[I]n order to satisfy the

16

'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Nothing in the record of Petitioner's state court criminal proceedings suggests that his defense counsel committed unreasonable errors in connection with the entry of Petitioner's *nolo contendere* pleas or that Petitioner was prejudiced by any errors committed by his defense counsel.  The mere fact that Petitioner's counsel unsuccessfully argued that the evidence was insufficient to support the charges in pre-plea proceedings or that counsel did not re-urge the insufficient evidence arguments at the plea proceeding does not suggest that counsel provided constitutionally ineffective assistance.  Rather, the record reflects that Petitioner's defense counsel zealously represented him before, during, and after Petitioner's entry of his voluntary and knowing pleas.  The OCCA's rejection of this claim was not contrary to, or an unreasonable application of, the  governing Strickland/Hill standard. Consequently, Petitioner is not entitled to habeas relief with respect to his Sixth Amendment claim.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 28th , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Petitioner

is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ____8th____ day of ____February____, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

18